TUMELSON FAMILY LIMITED PARTNERSHIP; et al.,
Plaintiffs—Appellees,

v.

WORLD FINANCIAL NEWS NETWORK, Defendant,

and

Ronald J. Slaughter; et al.,
Defendants—Appellants.

Tumelson Family Limited Partnership; et al., Plaintiffs—Appellees,

v.

World Financial News Network, Defendant,

and

Kelvin Chin, Defendant—Appellant.

Tumelson Family Limited Partnership; et al., Plaintiffs—Appellees,

v.

World Financial News Network, Defendant,

and

Ronald J. Slaughter; et al.,
Defendants—Appellants.

Nos. 05–35813, 05–35821, 05–35995.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2007.

Filed Feb. 28, 2007.

Melinda M. Riddle, Esq., Stephen P. Vanderhoef, Esq., Leslie C. Boyd, Esq., Cairncross & Hempelmann PS, Seattle, WA, for Plaintiffs–Appellees.

Michael Craig Nance, Esq., Law Office of Michael Nance, Seattle, WA, for Defendant.

David F. Jurca, Esq., Phillip D. Noble, Esq., Helsell Fetterman, Seattle, WA, for Defendants–Appellants.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM *

Plaintiffs collectively invested $275,000 in World Financial News Network Corp. ("WFNN"), an Internet start-up company incorporated in Nevada, over the course of seven months in 1999 and 2000. Plaintiffs sued WFNN and individuals associated with the company, including Defendants Slaughter and Chin.[1] A jury found Defendant Slaughter liable for $275,000 under the Washington State Securities Act ("WSSA") and for breach of fiduciary duty; the jury found Defendant Chin liable for $255,000 under the WSSA and federal securities law, and for breach of fiduciary duty, fraud, and negligent misrepresentation. The district court denied Defendants' motions for judgment as a matter of law and for a new trial and entered judgment on the jury's verdict. The district

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Plaintiffs sued Ronald J. and Jane Doe Slaughter as a marital community, but their allegations concerned only Ronald J. Slaughter. Thus, for the sake of clarity, we will refer to them collectively as Defendant Slaughter.

court also awarded Plaintiffs $409,972.74 in attorney fees and costs and held all remaining defendants jointly and severally liable for the entire amount of fees. Defendants Slaughter and Chin appeal the judgment on the jury's verdict, and Defendant Slaughter appeals the award of attorney fees and costs.

We review de novo a district court's denial of a motion for judgment as a matter of law. *Bell v. Clackamas County,* 341 F.3d 858, 865 (9th Cir.2003). We review for abuse of discretion a district court's denial of a motion for a new trial. *McEuin v. Crown Equip. Corp.,* 328 F.3d 1028, 1032 (9th Cir.2003).

We reverse the district court's denial of Defendant Slaughter's motion for judgment as a matter of law and vacate the judgment against him. Consequently, we vacate the district court's award of attorney fees and costs against Defendant Slaughter. We affirm the judgment against Defendant Chin.

■ 1. Defendant Slaughter was entitled to judgment as a matter of law on Plaintiffs' WSSA claim. Primary liability under the WSSA can attach only if a defendant's acts were a substantial contributing factor in the sales transaction. Wash. Rev.Code § 21.20.430(1); *see also Haberman v. Wash. Pub. Power Supply Sys.,* 109 Wash.2d 107, 744 P.2d 1032, 1052 (1987) (establishing the substantial contributing factor test); *Hoffer v. State,* 113 Wash.2d 148, 776 P.2d 963, 964–65 (1989) (reaffirming the substantial contributing factor test after the Supreme Court adopted a strict privity test for federal securities law in *Pinter v. Dahl,* 486 U.S. 622, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988)). Here, Plaintiffs testified only to vague, impressionistic generalities about two conversations with Defendant Slaughter at the WFNN Christmas party on December 17, 1999, each of which occurred after Plaintiffs had invested most of their money, and five months before Plaintiffs reaffirmed their investments. There was no evidence that they discussed buying stock, that Defendant Slaughter had the attributes of a seller, or that Plaintiffs relied on Defendant Slaughter to make their investment decisions, much less that any reliance would have been reasonable.

■ Secondary liability can attach to control persons, directors, or employees who materially aid sellers. Wash. Rev. Code § 21.20.430(3). To determine control person liability, the Washington Supreme Court has applied the federal two-part test that requires that a defendant have exercised control over the operations of the corporation *and* possessed the power to control the transaction that violated the securities law. *See Hines v. Data Line Sys., Inc.,* 114 Wash.2d 127, 787 P.2d 8, 13–14 (1990) (applying both the federal two-part test and the federal culpable participation test, but stating that the text of section 21.20.430(3) does not accord with the requirements of the more stringent culpable participation test). Here, there was no evidence that Defendant Slaughter played any role whatsoever in the day-to-day operations of WFNN when Plaintiffs made their investment decisions, and therefore he was not a control person. *See Paracor Fin., Inc. v. Gen. Elec. Capital Corp.,* 96 F.3d 1151, 1162 (9th Cir.1996) (requiring that control be determined by examining a defendant's day-to-day affairs in a corporation (citing *Kaplan v. Rose,* 49 F.3d 1363, 1382 (9th Cir.1994))). In addition, the district court held that, as a matter of law, Slaughter was not a director, and instructed the jury to that effect; that ruling has not been appealed.

■ 2. Defendant Slaughter was entitled to judgment as a matter of law on Plaintiffs' claim for fiduciary duty liability.

Under Nevada law, liability attaches only if a fiduciary commits "intentional misconduct, fraud or a knowing violation of law." Nev.Rev.Stat. § 78.138(7)(b). Here, the district court found that "a jury verdict based on Dr. Slaughter's *knowing* misrepresentation to the Tumelsons would be unsupportable." (Emphasis added.) No evidence in the record suggests otherwise. Indeed, the fact that Defendant Slaughter invested $200,000 in WFNN after the Christmas party suggests that he did not know about the improprieties at WFNN. In short, there was no evidence that Defendant Slaughter had the intent required for fiduciary duty liability to attach.

3. The district court awarded attorney fees and costs pursuant to Defendant Slaughter's liability under the WSSA. *See* Wash. Rev.Code § 21.20.430(1) (allowing for the award of attorney fees and costs to prevailing plaintiffs). Because we vacate the judgment on that claim, we also vacate the district court's award of attorney fees and costs against Defendant Slaughter.[2]

■ 4. We affirm Defendant Chin's liability under the WSSA. The jury could have found that Chin was an employee who materially aided the sale of securities. Chin gave a 20–minute PowerPoint presentation to investors at which he held himself out as the Chief Financial Officer. He made at least one statement about the health of WFNN that was specific, factual, and material that he knew he had no basis whatsoever to make. Although the WSSA jury instruction erroneously omitted the element of Plaintiffs' reliance on Chin, this error was harmless. For example, Plaintiff Kelly Tumelson testified that Chin's statement, which occurred before Plaintiffs purchased additional WFNN stock and before they affirmed their investments in WFNN, was "good news to me" and "im-

portant to me." The jury necessarily found reliance when it held Chin liable for fraud, negligent misrepresentation, and violating federal securities law.

Chin's WSSA liability is an independent and adequate basis with which to uphold the jury's verdict. However, Chin's actions also support the jury's verdict on fiduciary duty liability, *see* Nev.Rev.Stat. § 78.138(7)(b) (establishing fiduciary duty under Nevada law); federal securities law violation, *see Sparling v. Daou (In re Daou Sys., Inc.)*, 411 F.3d 1006, 1014 (9th Cir.2005) (discussing the five elements of a claim under 17 C.F.R. §. 240.10b–5), *cert. denied*, 546 U.S. 1172, 126 S.Ct. 1335, 164 L.Ed.2d 51 (2006); fraud, *see Stiley v. Block*, 130 Wash.2d 486, 925 P.2d 194, 204 (1996) (discussing the nine elements of a fraud claim under Washington law); and negligent misrepresentation, *see ESCA Corp. v. KPMG Peat Marwick*, 135 Wash.2d 820, 959 P.2d 651, 654 (1998) (discussing Washington's adoption of the Restatement for negligent misrepresentation).

5. Defendant Chin's remaining arguments are unpersuasive. The district court did not abuse its discretion in choosing when and how to instruct the jury on the use of the confidential private offering memorandum and executive summary as evidence. Fed.R.Evid. 105; *see also United States v. Butcher*, 926 F.2d 811, 816 (9th Cir.1991) (reviewing for abuse of discretion). Chin waived his request for attorney fees by failing to raise the issue below, *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999); he also fails on the merits because he was neither the plaintiff nor the prevailing party, *see* Wash. Rev.Code § 21.20.430(1) (awarding attorney fees to prevailing plaintiffs). Finally, the jury's

2. Consequently, we need not reach Defendant Slaughter's challenges to the verdict form, jury instructions, evidentiary rulings, or reasonableness of the attorney fees award.

verdict was not irreconcilably inconsistent. *See Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1038 (9th Cir.2003) (requiring an irreconcilable inconsistency to overturn a jury's verdict). As the district court noted, the $20,000 investment for which the jury did not hold Defendant Chin liable was a unique investment created by a co-defendant.

REVERSED and VACATED as to Defendant Slaughter (Nos. 05–35813, 05–35995); AFFIRMED as to Defendant Chin (No. 05–35821).