Florence R. FRIAS, Plaintiff,

v.

ASSET FORECLOSURES SERVICES, INC., LSI Title Agency, Inc., U.S. Bank, N.A., Mortgage Electronic Registration Systems, Inc., and Doe Defendants 1–20, Defendants.

Case No. C13–760 MJP.

United States District Court, W.D. Washington, at Seattle.

July 26, 2013.

Melissa A. Huelsman, Seattle, WA, for Plaintiff.

Katrina Eve Glogowski, Kimberly Hood, Glogowski Law Firm PLLC, Brian L. Lewis, Lauren E. Sancken, David John Lenci, K & L GATES LLP, Seattle, WA, Andrew H. Salter, Lybeck Murphy, Mercer Island, WA, for Defendants.

## ORDER DENYING MOTION TO CERTIFY, DENYING MOTION TO CONTINUE, AND GRANTING MOTIONS TO DISMISS

MARSHA J. PECHMAN, Chief Judge.

This matter comes before the Court on several motions. Defendant LSI Title Agency brings a motion to dismiss all claims against them pursuant to Fed. R.Civ.P. 12(b)(6). (Dkt. No. 10.) Defendant Asset Foreclosure Services joins the motion to dismiss. (Dkt. No. 11.) Defendants U.S. Bank and Mortgage Electronic Registrations Systems, Inc. also join with respect to the motion to dismiss the first cause of action, preliminary injunction. (Dkt. No. 12.)

Plaintiff brings a motion to certify questions to the Washington Supreme Court. (Dkt. No. 23.) She also brings a motion to stay the case pending the motion to certify questions. (Dkt. No. 22.) The Court considered all motions, responsive pleadings and related documents and GRANTS the motions to dismiss, DENIES the motion to certify questions and DENIES as MOOT the motion to stay.

### Background

Plaintiff Florence Ruth Frias brings this case against Defendants Asset Foreclosure Services, Inc. ("ASF"), LSI Title Agency, Inc. ("LSI"), U.S. Bank, NA. ("U.S. Bank"), Mortgage Foreclosure Electronic Registration Systems, Inc. ("MERS"), and "Doe Defendants 1–20" for claims arising out of two foreclosure proceedings initiated on her residence located at 14523 South Lake Crabapple Road, Marysville, WA, in 2010 and 2011. (Dkt. No. 1 at 1.) Frias brought this case in Snohomish County Superior Court, and Defendants removed the case to this Court on grounds of diversity jurisdiction. (Id.) Frias asks in her Complaint for a temporary restraining order and preliminary injunction, and damages under the Foreclosure Fairness Act, the Consumer Protection Act, the Deed of Trust Act, and under the theory of intentional misrepresentation. (Id. at 8.)

Frias entered into a mortgage loan agreement with Defendant U.S. Bank in September of 2008. (Dkt. No. 1 at 11.) She signed a promissory note and Deed of Trust identifying U.S. Bank as the lender, and Defendant MERS as the beneficiary and nominee for the lender. (Id. at 11–12.) Before taking out the mortgage loan, Frias had knee surgery and was in physical therapy, but she discovered more knee surgeries would be necessary. (Id. at 11.) Frias began falling behind on her mortgage loan in August 2009. (Id. at 12.) She was approved for disability coverage in March 2010, by which time she had depleted her savings. (Id.)

When she began falling behind, Frias claims she contacted representatives at U.S. Bank to apply for a loan modification program which would allow her to keep her home, but nothing resulted from these contacts. (Dkt. No. 1 at 12.) Frias alleges she received a Notice of Default on or about April 14, 2010, and a Notice of Trustee's Sale ("NOTS") on or about May 17, 2010 indicating her home was being foreclosed by Defendant MERS and the foreclosing trustee was LSI. (Id.) Frias alleges LSI was not appointed foreclosing trustee by the holder of the promissory note, LSI cannot be a foreclosing trustee under Washington state law, and Asset Foreclosure was the true foreclosing trustee. (Id. at 12–13.)

Asset Foreclosure recorded the NOTS in Snohomish County on May 19, 2010, but recorded a Discontinuance of Trustee's Sale on May 12, 2011. (Dkt. No. 1 at 13.) Frias continued to attempt to modify her loan, and in July of 2011 obtained a loan modification from U.S. Bank. (Id.) Frias alleges U.S. Bank informed her at this time she was not eligible for a Home Affordable Modification Program ("HAMP")

loan because she filed for bankruptcy protection in 2010 and had received a discharge, a claim Frias argues is false. (*Id.*)

Frias received a second NOTS in May of 2011. (Dkt. No. 1 at 14.) The NOTS was recorded in Snohomish County listing U.S. Bank as the initiating beneficiary and returnable to Asset Foreclosure. (*Id.*) The NOTS included an itemization of amounts being charged to Frias to prevent the sale, which Frias alleges included several improper charges. (*Id.*) Before the NOTS was recorded, an Assignment of the Deed of Trust was recorded. (*Id.*) An agent for MERS signed the Assignment, which assigned MERS's interest in the Deed of Trust to U.S. Bank. (*Id.*)

After receiving the second NOTS, Frias contacted a housing counselor at Parkview Services and requested to participate in the Washington foreclosure mediation program created by the Foreclosure Fairness Act ("FFA"), RCW 61.24. (*Id.* at 16.) Frias was appointed a mediator on August 5, 2011. Frias alleges LSI wrongfully continued the foreclosure sale while the mediation was in progress, in violation of the FFA, and Asset Foreclosure and LSI were forced to "unwind" the sale. (*Id.*) However, Frias says she received a 1099–A form from U.S. Bank at the end of 2011 indicating it acquired the property on September 23, 2011 and the "Balance of Principal Outstanding" was $211,131.13. (*Id.* at 17.) While Frias understands this information to be untrue, she is uncertain it has been corrected with the IRS. (*Id.*) Frias claims U.S. Bank did not provide required documentation during the mediation proceedings and did not participate in good faith. (*Id.*) She claims the mediator also made a finding that U.S. Bank did not participate in the mediation in good faith, and this is a per se violation of the Washington Consumer Protection Act, RCW 19.86, et seq. (*Id.*) Frias claims she is currently uncertain of her status regarding the ownership of her home, and this causes her distress. (*Id.*)

On May 5, 2013, Defendant LSI moved to dismiss all claims against them pursuant to Fed.R.Civ.P. 12(b)(6). (Dkt. No. 10.) LSI argues in this motion Frias's claims are based on a foreclosure sale that never occurred, and LSI is no longer serving as foreclosure trustee under the mortgage encumbering Plaintiff's property. (*Id.* at 1.) Defendant Asset Foreclosure joined the motion to dismiss. (Dkt. No. 11.) Defendants U.S. Bank and MERS also joined the motion to dismiss with respect to the request for a preliminary injunction, and otherwise support the motion to dismiss. (Dkt. No. 12 at 2.) Frias responded to the motion to dismiss (Dkt. Nos. 14, 15 and 16) and also submitted a motion to certify question to the Washington Supreme Court (Dkt. No. 23) and a motion to stay pending certification (Dkt. No. 22). In the motion to certify, Plaintiff asked this Court to certify questions regarding Washington law on causes of action where a foreclosure sale was initiated, but never completed. (Dkt. No. 23 at 1.) All of the pending motions are addressed below.

### Discussion/Analysis

#### I. Motion to Certify Questions

Plaintiff asks the Court to certify question to the Washington Supreme Court "regarding whether a plaintiff alleging abuses of the home mortgage foreclosure process may state a claim for damages under Washington law in the absence of a trustee's sale. (Dkt. No. 23 at 1.) Plaintiff argues no published Washington authority speaks to this issue and only one known unpublished opinion, *Krienke v. Chase Home Fin., LLC,* 2007 WL 2713737, 2007 Wash.App. LEXIS 2668 (Wash.App. Sept. 18, 2007). (*Id.* at 3.) Plaintiff acknowledges there are several opinions in this District holding "a homeowner facing foreclosure cannot state a claim for damages in

the absence of a trustee's sale." (*Id.*) Defendants oppose the motion to certify by arguing the issue is well settled in this District. (Dkt. No. 27 at 3.)

A question may be certified to the Washington Supreme Court when "in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state . . . and the local law has not been clearly determined[.]" RCW 2.60.020. The certification process is intended to "build a cooperative judicial federalism" and serve the interests of judicial efficiency and comity. *Lehman Bros. v. Schein,* 416 U.S. 386, 391, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974). While certification may be useful where there are untested questions of state law, "[t]there is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision. A party should not be allowed a 'second chance at victory' through certification by the appeals court after an adverse district court ruling." *Thompson v. Paul,* 547 F.3d 1055, 1065 (9th Cir.2008).

This Court faced the question of whether to certify very similar questions before and concluded certification was not appropriate. *Robertson v. GMAC Mortgage LLC,* Case No. C12–2017–MJP, Order Denying Motion to Certify, 2013 WL 2351725 (W.D.Wash., May 30, 2013). Likewise, certification is not appropriate here. As noted in *Robertson,* "[t]he Washington State Supreme Court does not operate as a court of appeals for the decisions of this Court." *Id.* at 2, *citing Hann v. Metropolitan Cas. Ins. Co.,* No. 12–5031 RJB, 2012 WL 3098711, *2 (W.D.Wash. July 30, 2012). Plaintiff acknowledges the courts in this District have ruled several times on the issue of whether a Plaintiff has a cause of action for an initiated but not completed trustee's sale. (Dkt. No. 23 at 3.) Certification is not appropriate under such circumstances.

Plaintiff argues changes in the law justify certification. First, Plaintiff says the Washington Supreme Court recognized claims for damages without acknowledging that a trustee's sale need occur in *Bain v. Metropolitan Mortg. Group, Inc.,* 175 Wash.2d 83, 285 P.3d 34 (Wash.2012). This over extends the effect of *Bain* and asks this Court to assume the Washington Court made a significant change in the law by implication. This Court already addressed and rejected the argument that *Bain* changes whether there is a cause of action for an initiated but not completed trustee's sale. *Trehuba v. Am. Home Mortgage Servicing, Inc.,* 2013 WL 1225381, *1, 2013 U.S. Dist. LEXIS 4819, *2 (W.D.Wash. Jan. 11, 2013).

Plaintiff's argument that Washington laws suggest Washington recognizes a cause of action for damages in the absence of a trustee's sale also fails. Plaintiff says Washington Revised Code section 61.24.127 implies recognition of rights in the absence of a trustee's sale by stating "[t]he failure of the borrower or grantor to bring a civil action to enjoin a foreclosure sale . . . may not be deemed a waiver of a claim for damages" for specific claims. Wash. Rev.Code § 61.24.127(1). Cases in this District have recently held there is no cause of action for damages in the absence of a trustee's sale, so there is no amendment to this section that alters the fact this District has settled law in this area. *See, Zalac v. CTX Mortg. Corp.,* 2013 WL 1990728, 2013 U.S. Dist. LEXIS 20269 (W.D.Wash. Feb. 14, 2013). Further, Plaintiff asks the court to make a strained and unsupported implication from the language of this statute, which does not address the question of pre-trustee's sale rights.

Because the courts in this District have already answered the questions Plaintiff seeks to certify to the Washington Supreme Court, the motion to certify is DENIED.

## II. Motion to Stay

Plaintiff asks the Court to stay its decision on Defendants' motion to dismiss pending the resolution of Plaintiff's motion to certify questions to the Washington Supreme Court. (Dkt. No. 22.) Defendants oppose the motion to stay. (Dkt. Nos. 25 and 26.) Because the motion to certify is DENIED, the motion to stay is DENIED as MOOT.

## III. Motion to Dismiss

Defendant LSI asks the Court to dismiss for failure to state a claim all causes of action pending against them because the claims are based on a foreclosure sale that never occurred, and because LSI is no longer the foreclosure trustee under the mortgage encumbering Plaintiff's property. (Dkt. No. 10 at 1.) Defendant Asset Foreclosure Services joined the motion to dismiss, also arguing the claims are based on a foreclosure sale that never occurred and they are no longer acting as foreclosure trustee. (Dkt. No. 11 at 1–2.) Defendants U.S. Bank and MERS joined the motion to dismiss with regard to the first cause of action of preliminary injunction, proposing the law and argument put forth by LSI applies equally to them. (Dkt. No. 12 at 2.) They do not otherwise oppose LSI's motion to dismiss. (*Id.* at 1.)

### A. Standard for Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly,* 550 U.S. at 545, 127 S.Ct. 1955) (further noting that plausibility lies somewhere between allegations that are "merely consistent" with liability and a "probability requirement"); *see also Moss v. United States Secret Serv.,* 572 F.3d 962, 969 (9th Cir.2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing *Iqbal* at 1949). The Court must accept plaintiffs' factual allegations as true, but need not accord the same deference to legal conclusions. *Id.* at 1949–50 (citing *Twombly* at 555, 127 S.Ct. 1955). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,* at 678, 129 S.Ct. 1937 (citation omitted).

### B. Preliminary Injunction

All defendants move for dismissal of Plaintiff's preliminary injunction claim against them. (Dkt. No. 10 at 5, Dkt. No. 11 at 1, Dkt. No. 12 at 2.) They argue both trustee sales originally initiated were discontinued, and there is no foreclosure pending with respect to Plaintiff's property. (Dkt. No. 10 at 5.) With no pending foreclosure, there is no sale to restrain or enjoin. (*Id.*) Plaintiff does not mention the preliminary injunction in her response to LSI's motion to dismiss (Dkt. No. 14) but in her response to U.S. Bank and MERS's joinder of that motion, Frias acknowledges there is no pending non-judicial foreclosure sale to enjoin. (Dkt. No. 15 at 11.) She claims, however, the cause of action is still appropriate because a new sale might be initiated at any time. (*Id.*)

■ Where there is no pending or imminent action to restrain, a request for a preliminary injunction is unripe and will not be considered because doing so would result in an impermissible advisory opinion. *Brotherson v. Prof'l Basketball Club, L.L.C.,* 2008 U.S. Dist. LEXIS 118029, \*8 (W.D.Wash. Apr. 14, 2008). Plaintiff essentially asks for an advisory opinion, arguing a new trustee's sale may at some point be initiated. (Dkt. No. 15 at 11.) Federal courts established pursuant to Article III of the Constitution do not render advisory opinions. *United Public Workers v. Mitchell,* 330 U.S. 75, 89, 67 S.Ct. 556, 91 L.Ed. 754 (1947). Because there is no pending or imminent action to restrain, Plaintiffs request for a preliminary injunction is DISMISSED as to all parties.

### C. Consumer Protection Act

■ Defendant LSI asks the Court to dismiss Plaintiff's Consumer Protection Act, RCW 19.86.090 "(CPA") claim against it arguing LSI did not misrepresent the basis for initiating either foreclosure attempt where Plaintiff admits she was in default of her mortgage, and Plaintiff suffered no actual harm where the foreclosure sales never happened and Plaintiff never paid any fees LSI initially charged. (Dkt. No. 10 at 6–7.) Defendant Asset Foreclosure Services also asks for this claim to be dismissed against it under the same theory. (Dkt. No. 11.) Plaintiff argues LSI and Asset Foreclosure Services did not have legal authority to act as foreclosing trustee under Washington law and did cause harm by causing Plaintiff's property to be sold (although the sale was ultimately reversed) while Plaintiff was in foreclosure mediation, in violation of the CPA. (Dkt. No. 14 at 4.)

■ Where Plaintiff's property was not actually sold and Plaintiff did not pay any foreclosure fees, there is no CPA claim. The elements of a CPA claim are (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) impacting the public interest, (4) causing injury to the plaintiff's business or property and (5) the injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash.2d 778, 780, 719 P.2d 531 (1986). A failure to meet any one prong is fatal to the CPA claim, and harm must be established. *Besel v. Viking Ins. Co.,* 105 Wash.App. 463, 483, 21 P.3d 293 (2001). Plaintiff does not argue she actually paid any fees or was deprived use or her home. She does note Defendants actually caused an auction of her property, but in her Complaint she acknowledges Defendants were required to "unwind" that sale. (Dkt. No. 1 at 16.) Without a demonstration of harm, Plaintiff's CPA claim fails against Defendants LSI and Asset Foreclosure Services and this claim is DISMISSED as to these Defendants.

### D. Deed of Trust Act

■ Defendant LSI asks for Plaintiff's claim under the Deed of Trust Act to be dismissed against it because Plaintiff's undisputed default under the mortgage loan in question was a valid basis for initiating foreclosure proceedings against Plaintiff, and because no foreclosure sale occurred or is pending. (Dkt. No. 10 at 8–9.) Plaintiff argues Defendants LSI and Asset Foreclosure engaged in executing false documents because MERS falsely claimed to be the beneficiary and initiated the first foreclosure, and LSI and Asset Foreclosure caused false and misleading documents to be filed in the records of King County, Washington. (Dkt. No. 14 at 5, Dkt. No. 16 at 6.)

■ Because there was no foreclosure sale, Plaintiff cannot bring a claim for violation of the DTA against LSI or Asset Foreclosure. *Vawter v. Quality Loan*

*Serv. Corp.*, 707 F.Supp.2d 1115, 1123 (W.D.Wash.2010). "Three goals of the Washington deed of trust act are: (1) that the nonjudicial foreclosure process should be efficient and inexpensive, (2) that the process should result in interested parties having an adequate opportunity to prevent wrongful foreclosure, and (3) that the process should promote stability of land titles." *Plein v. Lackey*, 149 Wash.2d 214, 225, 67 P.3d 1061 (2003). Courts in this District have consistently found there can be no claim under the DTA for the wrongful initiation of a trustee's sale where no trustee's sale actually occurs. *Zalac v. CTX Mortg. Corp.*, 2013 WL 1990728, *2, 2013 U.S. Dist. LEXIS 20269, *5 (W.D.Wash.). Plaintiff admits there was no successful trustee's sale of her property. (Dkt. No. 15 at 7.) Plaintiff's claims under the Deed of Trust Act against Defendants LSI and Asset Foreclosure are DISMISSED.

### E. Intentional Misrepresentation/Fraud

Defendants LSI and Asset Foreclosure ask the Court to dismiss Plaintiff's intentional misrepresentation, or fraud, claim for failure to plead facts with the required heightened degree of specificity. (Dkt. No. 10 at 13.) In her response, Plaintiff says she "has pled her claims with sufficient particularity to meet the fraud pleading standard under CR 9, even though she did not plead a fraud claim." (Dkt. No. 14 at 3.) In her complaint, Plaintiff has a cause of action labeled "Intentional and/or Negligent Misrepresentations against All of the Defendants." (Dkt. No. 1 at 23.) Under this headline she alleges all Defendants made "numerous misrepresentations" in the foreclosure and mediation process. (*Id.*) Specifically, she notes "These Defendants have intentionally misrepresented the legal requirements for a loan modification under FHA's rules and the ability to foreclose on Ms. Frias's

home." (*Id.*) In her responses, Frias has a section that states "Defendants are liable for the intentional and negligent misrepresentations made to Ms. Frias" but within this section she discusses only negligent misrepresentation. (Dkt. No. 16 at 12–13, Dkt. No. 14 at 12–13.)

A claim of intentional misrepresentation is a claim in fraud. *W. Coast, Inc. v. Snohomish County*, 112 Wash.App. 200, 206, 48 P.3d 997 (2002). A claim of intentional misrepresentation, or fraud, is subject to a heightened pleading standard where a plaintiff must plead both the elements and circumstances of the fraud with particularity by alleging specific fraudulent acts. Fed.R.Civ.P. 9(b). The nine elements of fraud are: (1) representation of an existing fact, (2) materiality, (3) falsity, (4) the speaker's knowledge of its falsity, (5) intent of the speaker that it should be acted upon by the plaintiff, (6) plaintiff's ignorance of its falsity, (7) plaintiff's reliance on the truth of the representation, (8) plaintiff's right to rely upon it, and (9) damages suffered by the plaintiff. *Stiley v. Block*, 130 Wash.2d 486, 505, 925 P.2d 194 (1996).

Plaintiff does not adequately plead a claim for intentional misrepresentation. First, it is unclear if Plaintiff even intends to plead a claim for intentional misrepresentation where her reply to Defendants' motion to dismiss specifically says she is not making a fraud claim. (Dkt. No. 14 at 3.) Second, as noted above, there was no successful trustee's sale of Plaintiff's property and Plaintiff does not argue she ever paid any fees charged by LSI or Asset Foreclosure, and therefore Plaintiff does not plead reliance or damages. Plaintiff's claim for intentional misrepresentation is DISMISSED against LSI and Asset Foreclosure.

### F. Negligent Misrepresentation

Defendants LSI and Asset Foreclosure ask the Court to dismiss Plaintiff's negligent misrepresentation claim because Plaintiff has shown no detrimental reliance on any statement made by either Defendant. (Dkt. No. 10 at 11.) In her response, Plaintiff does not address damages or harm. Instead, she notes that "numerous misrepresentation have been made to Ms. Frias in the course of this foreclosure process" and cites the definition of negligent misrepresentation. (Dkt. No. 14 at 12–13, Dkt. No. 16 at 12–13.)

 Negligent misrepresentation occurs when a person in the course of a transaction, "supplies false information for the guidance of others [and] is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *ESCA Corp. v. KPMG Peat Marwick,* 135 Wash.2d 820, 826, 959 P.2d 651 (1998). A claim for misrepresentation is premature and subject to dismissal if brought before the plaintiff incurs damages. *Keil v. Scholten,* 2002 WL 988562, *2, 2002 Wash.App. LEXIS 196, *6 (Feb. 4, 2002).

As discussed above, Plaintiff has failed to show "pecuniary loss caused ... by [her] justifiable reliance." *ESCA Corp.,* 135 Wash.2d at 826, 959 P.2d 651. Plaintiff does not allege she lost her home and she does not allege she paid any of the fees charged by LSI or Asset Foreclosure. Plaintiff's mere contention that false statements were made by LSI and Asset Foreclosure is not enough to plead a claim for negligent misrepresentation where she does not allege any actual harm. Plaintiff's claim for negligent representation against LSI and Asset Foreclosure is DISMISSED.

### *Conclusion*

Because the law is settled in this District on the issue of whether a plaintiff has claims for damages stemming from a foreclosure sale when the sale never occurred, the Court DENIES Plaintiff's motion to certify questions. (Dkt. No. 23.) Because the Court considered this motion contemporaneously with Defendant's motion to dismiss, Plaintiff's motion to stay the case pending resolution of the motion to certify is DENIED as MOOT. (Dkt. No. 22.) Because Plaintiff fails to state claims upon which relief can be granted as discussed above, Defendant LSI's motion to dismiss is GRANTED. (Dkt. No. 10.) The joinders to the motion to dismiss by Asset Foreclosure (Dkt. No. 11) and U.S. Bank/ MERS (Dkt. No. 12) are also GRANTED.

The clerk is ordered to provide copies of this order to all counsel.