

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICK P. TREHUBA; SANDI S. TREHUBA, | No. 15-35080 |
| Plaintiffs-Appellants, | D.C. No. 3:12-cv-05752-RBL |
| v. | |
| AMERICAN HOME MORTGAGE SERVICING INC, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| OCWEN LOAN SERVICING, LLC, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted July 11, 2017[**]
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: TASHIMA and NGUYEN, Circuit Judges, and WALTER, District Judge.***

After Plaintiff-Appellant Nick Trehuba[1] ("Trehuba") admittedly defaulted on his mortgage, Fidelity National Title Insurance Company ("Fidelity") successfully conducted a foreclosure sale on Trehuba's home. Fidelity had been appointed trustee by Defendant-Appellee Ocwen Loan Servicing, LLC ("Ocwen"), acting as agent of the loan beneficiary, Deutsche Bank National Trust Company ("Deutsche Bank"). Trehuba alleges that the appointment violated Washington's Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86.010 *et seq*, and further constituted a material misrepresentation.

The district court did not err in concluding that Trehuba cannot establish the deceptive act, causation, injury or public interest elements of his CPA claim. *See Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 49 (Wash. 2012) (en banc) (quoting *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.*, 719 P.2d 531 (Wash. 1986) (en banc)). "Failure to satisfy even one of the elements is fatal to a CPA claim." *Sorrel v. Eagle Healthcare, Inc.*, 38 P.3d 1024, 1028 (Wash. Ct. App.

---

*** The Honorable Donald E. Walter, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

[1] Sandi Trehuba has been deceased since March 23, 2013, and no motion to substitute her personal representative having been made, Sandi S. Trehuba is dismissed as a party to this appeal. *See* Fed. R. App. P. 43(a)(1).

2

2002). Washington law permits agents to represent beneficiaries. *See Bain*, 285 P.3d at 45. Trehuba has failed to present any evidence that Ocwen's appointment of Fidelity was deceptive, much less that it was the cause of any injury.

The district court also correctly dismissed Trehuba's misrepresentation claim for failure to establish that Trehuba relied upon any intentional or negligent misrepresentation by Ocwen. *See W. Coast, Inc. v. Snohomish Cty.*, 48 P.3d 997, 1000 (Wash. Ct. App. 2002) (citing *Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996) (en banc)) (valid claim for intentional misrepresentation requires showing of plaintiff's reliance thereon); *ESCA Corp. v. KPMG Peat Marwick*, 959 P.2d 651, 654 (Wash. 1998) (en banc) (same for negligent misrepresentation).

**AFFIRMED**.